MADDOX, Justice.
This appeal presents a question of the liability of an elementary school principal and a physical education teacher for an injury to a child who was cut by glass falling from a light bulb after it was hit by a ball.
William Allen Beasley, a sixth-grade student, was injured by falling glass after a ball hit a light bulb in a light fixture hanging from the ceiling of the Fultondale Elementary School gymnasium; the falling glass cut him around his eye. As a minor, he brought this action by and through his father and next friend, Albert Eugene Beasley, Jr.; the father, individually, joined as a plaintiff. The defendants were Lee Morton, the principal; Shannon Bottoms, the physical education teacher; and some fictitious parties.
Plaintiffs alleged that as a proximate result of the claimed negligence of the defendants, the minor child suffered severe and permanent injuries to his eye and face, and that, as a consequence, the father was caused to incur medical bills and to lose time from his employment. In addition, both plaintiffs sought punitive damages from the defendants, predicated upon their *46 claims that the defendants exhibited a gross disregard for the safety of the minor child under the circumstances.
Both named defendants filed an answer that set forth the following defenses: Failure to state a claim upon which relief can be granted; protection from suit in their official capacities pursuant to the doctrine of sovereign immunity; protection from suit in their individual capacities in that, they say, the activities in which they were engaged at the time of the incident made the basis of this suit were properly characterized as “discretionary functions,” which likewise invoke the doctrine of sovereign immunity; failure of the plaintiffs to exhaust administrative remedies; the occurrence of a sufficient intervening cause between their action or inaction and the accident that caused the child’s injury; and, in essence, a general denial of negligence.
After completion of pertinent discovery, defendants Morton and Bottoms filed a motion for summary judgment and filed briefs in support thereof.
The trial judge held a hearing on the motion and later granted it. The court made the resulting summary judgment final, pursuant to the provisions of Rule 54(b), Ala.R.Civ.P. From that summary judgment, plaintiffs appeal.
The issue in this case is straightforward: Did the trial court err in granting these defendants’ motion for summary judgment?
The evidence before the trial judge on the summary judgment motion shows that it is undisputed that neither Morton nor Bottoms had any responsibility for the design or maintenance of the light fixtures or the light bulbs in the gym. The county school board was the party responsible for the fixtures and the bulbs. Of course, these defendants cannot be held liable for any alleged negligence concerning things over which they had no responsibility or control. Therefore, the trial court did not err in entering the summary judgment.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.